IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

JANET L. BERGMAN
Plaintiff,

    Vs.                                                 Case No. 11-CV- 2665-EFM-JPO

ERIC K. SHINSEKI,
Secretary, Department
of Veterans Affairs,
Defendant.

## COMPLAINT

COMES NOW, Janet Bergman (hereafter sometimes referred to as "the Plaintiff,"), by and through her attorneys Pearson Dubar and Eliehue Brunson and for her Complaint over and against the Defendant she states and alleges:

### I.

1. Plaintiff is an individual residing in the State of Kansas and the City and County of Leavenworth, Kansas.

2a. Plaintiff is employed as a Medical Technologist by the Defendant, Department of Veterans Affairs, VA Eastern Kansas Healthcare System (hereafter sometimes referred to as "the Defendant," which term shall include the Department's representatives, agents and employees) and located at the Dwight D. Eisenhower VA Medical Center, 4101 South 4th Street, Leavenworth, KS 66048.

2b. The Defendant is Secretary of the Department of Veterans Affairs Eric K. Shinseki. Secretary Eric K. Shinseki is being sued in his capacity as an officer and agent of the United States Government. The Secretary is responsible for any and all of the decisions made by the Department of Veterans Affairs, its Assistant Secretaries, and its officers and employees, and he is directly responsible concerning the Plaintiffs' causes of action arise.

## COUNT 1

3. The Plaintiff filed a discrimination complaint (Agency Case No. 2003-0686-2007-103435) against the Defendant on September 19, 2007 alleging discrimination because of her disabilities (rheumatoid arthritis and fibromyalgia) when she was denied a reasonable accommodation. A true and correct copy of said is attached hereto and marked as Exhibit A

4. At the conclusion of the investigation, the Plaintiff received a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (hereafter, "AJ").

5. On May 23, 2008, the Plaintiff timely requested a hearing, which was held on May 11, 2009. The decision was issued on August 4, 2009. A true and correct copy of said is attached hereto and marked as Exhibit B.

6. On September 8, 2009, Defendant issued a final order adopting the AJ's decision finding that Complainant failed to prove that the Defendant subjected her to discrimination as alleged. A true and correct copy of said is attached hereto and marked as Exhibit C.

7. On October 13, 2009, Plaintiff filed an appeal of the Defendant's September 8, 2009 final order. The decision was issued on September 9, 2011. A true and correct copy of said is attached hereto and marked as Exhibit D.

8. Plaintiff hereby charges the Defendant, the Department of Veterans Affairs, VA Eastern Kansas Healthcare System, with discriminatory and unlawful employment practices, which are expressly prohibited by Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

9. This Court possesses personal jurisdiction over the parties and of the subject matter of this action pursuant to 28 U. S.C. § 1343 and 1346.

10. The Defendant discriminated against Plaintiff based on her physical disabilities (rheumatoid arthritis and fibromyalgia).

11. On November 5, 2006, the Plaintiff submitted a written request for reasonable accommodation. The Plaintiff requested reduced work hours and the continued assistance of a phlebotomist to draw blood and help her with other duties.

12. On March 2, 2007, the Defendant notified the Plaintiff that she was not performing two essential functions of her job, i.e., drawing blood and working less than a full schedule. The Defendant also notified the Plaintiff that the previous arrangements that did not require her to draw blood and that allowed her to augment her absences with leave usage were temporary.

13. On April 22, 2007, the Plaintiff's doctor requested the following accommodations: (1) Eliminate phlebotomy duties, (2) allow the Plaintiff to work from 11 pm to 7 am to minimize her exposure to sunlight, (3) maintain the Plaintiff on a regular schedule without shift changes so that she can maintain an optimal regular sleep pattern, (4) provide the Plaintiff a computer monitor screen with a glare guard.

14. On May 29, 2007, the Defendant denied the Plaintiff's request for accommodation. The Defendant stated that phlebotomy duties were an essential function of the Plaintiff's position and the hiring of another employee to perform those duties posed an undue hardship on the Defendant.

15. The Defendant's denial of the Plaintiff's request for a reasonable accommodation subjected her to disability discrimination because the Defendant had not required the Plaintiff to perform phlebotomy duties for approximately three years.

16. The Defendant subjected the Plaintiff to disability discrimination when the Plaintiff was required to work from 12 am to 8 am each night and use ¾ hour of leave each day so that she could leave work by 7:15 am to minimize her exposure to sunlight.

17. The Defendant subjected the Plaintiff to disability discrimination when the Defendant denied the Plaintiff's request for a modified work schedule.

3

18.     The Defendant subjected the Plaintiff to disability discrimination when the Plaintiff was assigned to work shifts other than the night shift and was forced to find replacements to work for her because she was very light sensitive and needed to avoid exposure to sunlight.

19.     The Defendant subjected the Plaintiff to disability discrimination when the Defendant failed to provide the Plaintiff a glare guard for her computer monitor screen to reduce her exposure to light.

## COUNT 2

20.     On March 4, 2011, the Plaintiff filed a discrimination complaint (Agency Case No. 2003-0686-2011101668) against the Defendant alleging discrimination because of her disabilities (rheumatoid arthritis and fibromyalgia) and reprisal when she was issued a letter of written counseling on December 16, 2010 and when she was required to change her leave from annual leave to sick leave.  A true and correct copy of said is attached hereto and marked as Exhibit E.

21.     The Plaintiff further alleged that she was subjected to a hostile work environment on the bases of her disabilities (rheumatoid arthritis and fibromyalgia) when (1) the Defendant required her to change her leave from annual to sick leave on June 30, July 22, August 30 and 31, 2010, (2) the Defendant failed to provide the Plaintiff shift relieve at 7:00 am as required by her physician, (3) the Defendant issued the Plaintiff a letter of written counseling on December 16, 2010, (4) the Defendant required the Plaintiff to change her leave from annual to sick leave on December 20 and 21, 2010, (5) the Defendant threatened to charge the Plaintiff absence without leave on December 26, 2010, and (6) the Defendant did not commend the Plaintiff for volunteering to work the week of Christmas.

22. At the conclusion of the investigation, the Plaintiff received a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (hereafter, "AJ").

23. The Plaintiff did not request a hearing and no appeal has been filed and no final action has been taken in this matter. Therefore, the Plaintiff files this civil action pursuant to 29 CFR 1614.407(b).

## COUNT 3

24. On September 29, 2011, the Defendant notified the Plaintiff that a new employee had been hired to work on the night shift and that the Plaintiff would no longer be able to keep the lights turned off while working.

25. On October 3, 2011, the Defendant revoked the Plaintiff's blood bank privileges and duties.

26. On October 6, 2011, the Defendant issued the Plaintiff a notice of unacceptable performance and a performance improvement plan.

## II.

27. **DISABILITY DISCRIMINATION**

Plaintiff realleges the allegations from paragraphs one through twenty six above as it relates to the numerous acts of disability discrimination the Defendant subjected her to which were in violation of the Rehabilitation Act.

28. The Defendant discriminated against the Plaintiff because it failed to make reasonable accommodations to the known physical limitations of the Plaintiff who was a qualified individual with a disability and the Defendant cannot show that it was an undue hardship to do so.

29. **RETALIATION**

Plaintiff realleges the allegations from paragraphs one through twenty eight that after filing a racial discrimination complaint Defendant subjected her to repeated acts of discrimination based on her disabilities from June 30, 2010 to the present time in violation of the Rehabilitation Act.

30. **HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT**

After denying the Plaintiff's request for reasonable accommodations, the Defendant, subjected the Plaintiff to a hostile work environment and disparate treatment. Most recently, the Defendant continued its malicious acts of discrimination, harassment and intimidation by revoking the Plaintiff's temporary accommodations previously provided, issuing the Plaintiff a written letter of counseling, revoking the Plaintiff's blood bank duties, and subjecting the Plaintiff to the stress and anxiety of completing a performance improvement plan. The Defendant's conduct is continuous and ongoing. It constitutes blatant violations of the Rehabilitation Act and is unconscionable.

**PRAYER FOR RELIEF**

To cure the conduct alleged in this action, Plaintiff respectfully requests the Court to:

1. a. Declare that the actions of the Defendant alleged in this complaint constitute discriminatory and retaliatory practices taken against Plaintiff because of her disabilities and exercise of rights in protective activities in violation of 29 U.S.C. 791 et seq.;
2. b. Order the Defendant to provide the Plaintiff the reasonable accommodations she requested;
3. c. Order the Defendant to cease its harassment of the Plaintiff;
4. d. Immediately subject Defendant's human resource supervisors, supervisors, lead persons, and co-workers and any others officials found responsible for discriminatory and retaliatory treatment of Plaintiff to EEOC and sensitivity training which may help prevent them from discriminating and or retaliating against any other employee;
5. e. Pay Plaintiff compensatory damages, including compensation for her pain and suffering;

6. f. Enjoin Defendant from taking adverse employment actions against employees because of their disabilities and exercise of protected activities.
7. g. Order that all criticisms of Plaintiff s job performance and work conduct issued since 2007, be stricken from all records.

**WHEREFORE,** Plaintiff additionally prays for judgment and decree that the Department of Veterans Affairs has committed unlawful discriminatory and retaliatory employment practices expressly prohibited by 29 U.S.C. § 791, et seq. for judgment over and against the Defendant, in an amount exceeding $75,000.00 for her costs incurred herein, including reasonable attorney fees and for other and further relief as the Court determines to be just and equitable in the circumstances.

RESPECTFULLY SUBMITTED,

/S/ Pearson E Dubar
Pearson E. Dubar, DC. Bar No. 416851
Law Office of Pearson E. Dubar
9393 West 110th Street, Bldg 51, Suite 500
Overland Park, Kansas 66210
(913) 451-6793
Fax: (913) 451-6794
pdubar@kc.rr.com
*Attorney for Plaintiff*

And

/S/ Eliehue Brunson
Eliehue Brunson, KS Bar No. 10036
Attorney at Law
3625 S.W. 29th Street, Ste. 100
Topeka, Kansas 66614
(785) 478-0394
Fax: (785) 215-8667
eliehue@att.net
   *Attorney for Plaintiff*