IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANET L. BERGMAN,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC K. SHINSEKI, SECRETARY<br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>        Defendant. | Civil No. 11-2665-EFM-JPO |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Janet L. Bergman, by and through counsel Pearson Dubar, and Defendant, Eric K. Shinseki, Secretary of the Department of Veterans Affairs, (hereinafter "VA"), by and through counsel, Mike Warner, Attorney for the United States Attorney, acting under authority conferred by 28 U.S.C. §515, for the District of Kansas, and Connie R. DeArmond, Assistant United States Attorney for said District, jointly request an order to permit discovery and disclosure of information in the above-captioned case, the disclosure of which is regulated by law.

For the purpose of protecting the privacy of the Plaintiff, and the VA's current and former employees; and other individuals about whom the Plaintiff, the Defendant, and other sources possess protected information, against unreasonable and unprotected disclosure of information pertaining to them, and in accordance with the provisions and objectives of the Privacy Act of 1974, as amended, 5 U.S.C. §522a, 45 C.F.R. §§ 164.102-164.534; 42 U.S.C. § 1306; or other privacy protections, the Court hereby finds and orders the following pursuant to 5

U.S.C. § 552a(b)(11), 45 C.F.R. § 164.512(e)(1) and Rule 26(c) of the Federal Rules of Civil Procedure:

(1)     **Good Cause for Protective Order.**

Some of the information to be disclosed by the parties pursuant to Rule 26(a)(1), subpoena, interrogatory, request for production of documents, or other lawful process, may include information the disclosure of which is regulated by law, including Official Personnel Files ("OPF") or portions of such files, other records which are contained within a system of records, and/or medical records.

(2)     **Production of Information That May Be Subject To The Privacy Act (5 U.S.C. § 552a), Subject to 45 C.F.R. §§ 164.102-164.534, Subject to 42 U.S.C. § 1306, or Subject to Other Privacy Protections.**

This order is entered to permit the disclosure, pursuant to Rule 26(a)(1), subpoena, interrogatory, request for production of documents, or other lawful process, of any records which are covered by the provisions of the Privacy Act, as amended, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534; the provisions of 42 U.S.C. § 1306; or any other privacy protections, including those instances where there is no waiver by a patient to produce records to any entity other than the United States.  Except to the extent that there is any appropriate objection or privilege invoked in response to a request, parties and non-parties shall produce these documents unredacted to the requesting party.  Upon producing these documents, the producing party or non-party shall designate them as "confidential" in the manner set forth in paragraph 4, below.

(3)     **Limitations on Use And Disclosure**

The parties, including their counsel and their personnel, may use the designated confidential documents (and the information contained therein) only for purposes of the above-captioned litigation, and may disclose such documents and information to non-parties to this litigation only when the disclosure is reasonably and in good faith calculated to aid in the preparation, prosecution or the defense of this case.  Disclosure to a party or to any non-party shall be made only after such party or non-party has signed a form of acknowledgment (attached to this Protective Order) stating that he or she has read, understood, and acknowledged his or her agreement to be bound by this Protective Order.

a.     *Copying Designated Confidential Documents.*

No non-party to whom a designated confidential document is disclosed shall make a copy of a designated confidential document.

b.     *Retention of Designated Confidential Documents*

Within 90 days of the final conclusion of the litigation of the above-captioned case (including appeals), Plaintiff, Defendant, and all non-parties shall return all designated confidential documents and all copies, as well as all notes, memoranda, summaries or other documents containing information from the designated confidential documents, to the party or non-party that produced the designated confidential documents.

(4)     **Designation of Material Subject To This Protective Order**

To designate "confidential" material covered by this Protective Order, a producing party or non-party shall so designate on the material itself;  in an accompanying cover letter; on a diskette cover; or in a response to a subpoena, interrogatory, request for production of

3

documents, request for admission or other lawful process, by using the following designating the document - "CONFIDENTIAL."

      a)     *Challenging the Confidential Designation*

A party may, for good cause shown, challenge the designation of materials as designated confidential documents within 30 days of the date the designated materials are received or, in the event that such materials are first designated as confidential on a date after they were produced, within 30 days of the date that the materials are designated as confidential.

A party may challenge the designation by specifically identifying in writing (to be delivered by hand, mail, facsimile, or e-mail) those materials that the challenging party believes should not be designated confidential documents and the reasons why such materials should not be so designated. If, after good faith consultation initiated by the challenging party, the challenging party and the producing party or non-party are unable to agree upon which of the challenged documents are to remain designated confidential documents, then the challenging party may file with the Court a motion to remove confidential designation.

      b)     *Removal of Confidential Designation*

A motion to remove confidential designation shall state the date of the consultation, the names of those who participated, the specific results received, and the reasons why the challenged materials should not remain confidential. The party or non-party that designated the material as confidential shall bear the burden of demonstrating that a document should be designated confidential.

Once designated as confidential, materials shall be treated as designated confidential documents under this Protective Order until either the party or non-party that designated the material as confidential withdraws the designation in writing, or until the Court orders that the designation is to be removed.

(5)     **Confidential Information in Depositions.**

The parties may, within 30 days after receiving a deposition transcript, designate pages of the transcript (or exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:  "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."  Until expiration of the 30-day period, the entire deposition transcript will be treated as subject to protection against disclosure under this Protective Order.  If no party designates confidential information in a deposition within the 30-day period, then none of the transcript or its exhibits will be treated as confidential until such time as a party thereafter designates a portion of the deposition transcript as confidential.

Once a designation is made, another party may challenge the designation according to the challenge procedures outlined in paragraph (4) of this Order.  Portions of the transcript and exhibits that have been designated as confidential shall be treated as designated confidential documents until either the designating party withdraws the designation in writing, or until the Court orders that the designation is to be removed.

(6)     **Confidential Information in Documents Filed with the Court and in Open Court.**

A party shall not file designated confidential documents with or submit them to the Court or reproduce their contents in any court filing unless the party has made a good faith effort to redact any and all personal identifying information (including names, addresses, Social Security

numbers or other identifying numbers) contained in designated confidential documents, unless such personal identifying information is specifically relevant to the context (e.g., pleading, hearing, and trial) for which it is submitted.

(7) **Modification Permitted.**

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(8) **No Waiver.**

The failure to designate any materials as provided in paragraph (4) shall not constitute waiver of a party's assertion that the materials are covered by this Protective Order.

IT IS SO ORDERED.

Dated September 10, 2012, at Kansas City, Kansas.

   s/James P. O'Hara
JAMES P. O'HARA
U.S. Magistrate Judge

SUBMITTED BY:

 s/Pearson E. Dubar
PEARSON E. DUBAR, DC Bar #416851
Law Office of Pearson E. Dubar
9393 West 100th Street, Suite 500
Building 51, Suite 500
Overland Park, KS 66210
913-451-6793
913-451-6794 (fax)
E-mail: pdubar@kc.rr.com
*ATTORNEY FOR PLAINTIFF*
*Pro Hac Vice*

s/ Connie R. DeArmond
CONNIE R. DeARMOND, KS S. Ct. 12984
Assistant United States Attorney
301 N. Main, Suite 1200
Wichita, KS 67202
316-269-6481
316-269-6484 (fax)
E-mail: Connie.DeArmond@usdoj.gov
*ATTORNEY FOR DEFENDANT*